**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| MIGUEL VELAZQUEZ RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01895-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The Court has reviewed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") brought by Petitioner Miguel Velazquez Rodriguez ("Petitioner"). [Doc. No. 1]. Upon review, Petitioner does not name his immediate physical custodian, meaning the Court lacks statutory habeas jurisdiction over this matter. The Court therefore DISMISSES the Petition with leave to amend.

The federal habeas statutes require a petitioner to identify the person who has physical custody over him or her. An application for a writ of habeas corpus "shall allege . . . the name of the person who has custody over him." 28 U.S.C. § 2242. The writ, in turn, "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Those provisions fix as the proper respondent "'the person' with the ability to produce the prisoner's body before the habeas court," and ordinarily this is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting 28 U.S.C. § 2243).

*Padilla*'s footnoted reservation of "the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation," does not counsel a different conclusion. 542 U.S. at 435 n.8. In *Padilla*, the petitioner *did* name his immediate physical custodian—the commander of the naval brig in which he was confined. *Id.* at 432. He also named the Secretary of Defense and the President. *Id.* The question was whether jurisdiction over those higher-level legal custodians in the Southern District of New York could overcome the absence of jurisdiction over the *named* brig commander custodian in South Carolina. *Id.* at 445–47. The Supreme Court held it could not. *Id.* at 442. *Padilla* thus addressed whether the presence of legal custodians could compensate for a defect of jurisdiction over a *named* physical custodian. *Padilla* (and its footnoted reservation) did not contemplate a petition in which *no* physical custodian is named at all, in direct contravention of the habeas statutes, which limit district courts to issuing "the writ only 'within their respective jurisdictions.'" *Id.* at 447–48 (quoting 28 U.S.C. § 2241).

And that is what happened here. Petitioner has not named an immediate custodian and so the Court must dismiss the Petition. However, the Tenth Circuit counsels granting leave to amend where the parties "can correct the defect in the pleading or state a claim for relief." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 *Wright & Miller's Federal Practice & Procedure* § 1483 (2d ed. 1990)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances . . . may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). By the nature of the action, there is no prejudice to the Respondents; and the

Court sees no indication of "undue delay, bad faith or dilatory motive." *Foman*, 371 U.S. at 182. The Court will grant leave to amend.

For these reasons, the Court DISMISSES the Petition for Writ of Habeas Corpus [Doc. No. 1] for failure to properly invoke the Court's statutory habeas jurisdiction. Petitioner may file an amended petition addressing this defect **on or before August 12, 2026**. If no amended petition is filed, the Court will promptly enter judgment and dismiss this action without prejudice.

IT IS SO ORDERED this 29th day of July 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3